## Case No. 17,380.

WELLFORD v. MILLER.

[1 Cranch, C. C. 485.] [1]

Circuit Court, District of Columbia. July Term, 1808.

DEPOSITIONS — WITNESS RESIDING WITHIN 100 MILES.

This court will not grant a commission in a civil action at common law, to take the deposition of a witness residing in Virginia within one hundred miles of the place of trial, because he may be summoned to attend personally.

[Cited in Voss v. Luke, Case No. 17,014.]

Upon affidavit that witnesses resided in Fredericksburg (less than one hundred miles from Alexandria)—

Mr. Youngs, and Mr. Jones, for the plaintiff, moved for a commission to Virginia, to take the depositions of those witnesses to be used as well in a suit in chancery, as at common law depending in this court. The chancery suit was at issue and a general dedimus had been awarded.

---

## Case No. 17,381.

WELLFORD v. MILLER.

[1 Cranch, C. C. 514.] [1]

Circuit Court, District of Columbia. Nov. Term, 1808.

BONDS—PROFERT AND OYER.

A copy will not be received as oyer, when a profert has been made of the original. And if a copy is offered, the defendant may demur.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Debt on a bond, with profert of the original bond. The defendant demanded oyer, and the plaintiff produced a supposed copy only, it being said that the original was in the possession of the defendant; whereupon the defendant demurred because the profert was of the original, and the oyer was of a supposed copy.

C. Lee. for defendant, cited Thoresby v. Sparrow, 1 Wils. 16; Smith v. Woodward, 4 East, 587.

Mr. Youngs, contra. The plaintiff could not have declared upon it as a bond lost or mislaid, and when he drew the declaration he supposed that the defendant would be compelled to produce it, so as to enable him to give oyer. Read v. Brookman, 3 Term R. 151. In Darlington v. Groverman [Case No. 3,576], this court compelled the defendant to receive a copy as oyer.

FITZHUGH, Circuit Judge. That was under the act of assembly of Virginia, the bond being filed in another court.

THE COURT stopped Mr. Lee in reply, and adjudged the demurrer to be good. The fact that the bond was in the defendant's possession did not appear upon the record.